UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

GERTRUDE JEAN PIERRE,

    Plaintiff,

- against -

CHASE INVESTMENT SERVICES CORP.,

    Defendant.
------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

10 Civ. 1740 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

Plaintiff Gertrude Jean Pierre, initially proceeding pro se, brought suit against Chase Investment Services Corp. ("Chase") alleging race, gender and national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964.[1] Defendant's motion to enforce the verbal settlement agreement reached before Magistrate Judge Cott was granted in an Opinion and Order (the "Order").[2] Plaintiff now seeks reconsideration of the Order on the ground that this Court was partial to Chase to whom favoritism was allegedly shown.[3] For the following reasons, plaintiff's motion for reconsideration is denied.

---

[1] 42 U.S.C. §§ 2000e *et seq.* Plaintiff also alleged that she was retaliated against unlawfully.

[2] *See Pierre v. Chase Inv. Services Corp.*, No. 10 Civ. 1740, 2013 WL 709055 (S.D.N.Y. Feb. 25, 2013).

[3] *See* Notice of Motion to Reconsider, dated March 21, 2013.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[4] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[5] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[6]

The purpose of Local Civil Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[7] Local Civil

---

[4] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

[5] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[6] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[7] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). *Accord Commerce Funding Corp. v. Comprehensive Habilitation*

Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[8] Courts have repeatedly been forced to warn parties that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[9] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[10] nor is it a substitute for appeal.[11]

## II. DISCUSSION

Plaintiff's motion for reconsideration is untimely. Local Rule 6.3 provides that a motion for reconsideration shall be served within fourteen (14) days

---

*Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[8] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[9] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[10] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[11] *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008).

after the entry of the Court's determination of the original motion. Here, defendant's motion to enforce the verbal settlement was decided on February 25, 2013. Fourteen days expired on March 11, 2013. But plaintiff's motion for reconsideration is dated March 21, 2013, ten days after the deadline. Accordingly, plaintiff's motion must be dismissed as untimely.

Nonetheless, I will briefly address the merits of plaintiff's motion. Attached to her motion is an excerpted transcript of a court conference held on November 29, 2012. According to plaintiff, this excerpt shows my alleged favoritism to Chase.[12] I disagree. In any event, plaintiff has not presented any controlling data or decision overlooked by this Court in its original Order.

Furthermore, a motion for reconsideration is not the proper mechanism to challenge a judge's impartiality. If this case were still open, plaintiff could move for my recusal. However, because this case is closed, plaintiff's only recourse now is to file an appeal of my Order. Thus, nothing in plaintiff's submission supports reconsideration of the original Order.

---

[12] Plaintiff claims that the following had a prejudicial effect on the administration of the business of this Court: remaining silent regarding the concealment of evidence, obstruction of justice, and ignoring Chase's attempt to file a falsified fraud claim against her. *See* 3/21/13 Letter attached to the motion for reconsideration at 3.

Several inaccuracies alleged by plaintiff need to be corrected. *First*, plaintiff states that her four-hundred page opposition to defendant's enforcement motion has not been docketed on the Court's ECF system. Because she was acting pro se, it was plaintiff's duty to submit any papers to be docketed to the Pro Se Department. Apparently, plaintiff submitted her opposition to Chambers only. However, plaintiff's lengthy opposition was duly considered by this Court in ruling on defendant's motion to enforce settlement. *Second*, plaintiff complains that she received no response to her motion challenging former counsel's charging lien. But her former counsel (Linda Cronin) has not yet made a motion for a charging lien. If and when she does, plaintiff will have the opportunity to oppose that motion. *Third*, plaintiff claims to have made a motion to relieve Linda Cronin as her attorney of record. No such motion is reflected on the docket.[13] In any event, Linda Cronin was relieved as counsel at a court conference held on November 29, 2012.[14]

## III. CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is denied as both untimely and without merit. The Clerk of the Court is directed to

---

[13]   Plaintiff's informal letter request to remove Linda Cronin as counsel of record was acted upon by this Court in a timely manner.

[14]   *See* Transcript of 11/29/12 Conference at 15.

close this motion (Docket Entry # 62).

                                                    SO ORDERED:

                                                    [signature]

                                                    Shira A. Scheindlin
                                                    U.S.D.J.

Dated:      New York, New York
              March 28, 2013

## - Appearances -

**Plaintiff's Former Counsel:**

Linda M. Cronin, Esq.
Cronin & Byczek LLP
1983 Marcus Avenue
Lake Success, NY 11042
(516) 358-1700

**Plaintiff Pro Se:**

Gertrude Jean Pierre
P. O. Box 2066
Garden City, NY 11531
(516) 384-2447

**For Defendant:**

Frederic L. Lieberman, Esq.
JP Morgan Chase Legal Department
One Chase Manhattan Plaza
New York, NY 10081
(718) 508-1443